UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:14-CR-15-BR
No. 5:15-CV-442-BR

| | | |
|---|---|---|
| GUOTAO TAN | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

This matter is before the court on the 10 November 2016 memorandum and recommendation ("M&R") of U.S. Magistrate Judge Kimberly A. Swank. (DE # 84.) Judge Swank recommends that petitioner's 28 U.S.C. § 2255 motion be granted and the government's motion to dismiss be denied. The government filed objections to the M&R, (DE # 85), to which petitioner filed a response, (DE # 86).

On 4 February 2014, petitioner was charged by indictment with trafficking in counterfeit goods in violation of 18 U.S.C. § 2320. (DE # 1.) The indictment contained a forfeiture notice setting forth that pursuant to 18 U.S.C. §§ 2320(a), 2323(b) and upon conviction of the offense, petitioner shall forfeit to the government any articles prohibited under the offense; property used to facilitate the offense; and property constituting or derived from proceeds of the offense. (Id. at 2.) Such property included all counterfeit articles seized; real property located at 1025 Daybreak Bluff Drive, Cary, North Carolina, which was petitioner's home; and gross proceeds of the offense. (Id.) On 2 June 2014, pursuant to a plea agreement, petitioner pled guilty to the offense. One of the terms of the plea agreement provided that petitioner "agrees to voluntarily forfeit and relinquish to the United States the property specified in the Indictment." (DE # 19, at 2.)

On 24 June 2014, and based on the plea agreement, the government filed a motion for issuance of a preliminary order of forfeiture as to the property specified in the indictment. (DE # 21.) Petitioner did not file a response to the motion, and the court entered a preliminary order of forfeiture on 22 July 2014, (DE # 22). On 29 September 2014, the court sentenced petitioner to a three-year term of probation and $3500 fine and ordered petitioner to forfeit to the government her interest in the property specified in the preliminary order of forfeiture. Petitioner did not appeal.[1]

On 1 September 2015, with the assistance of counsel, petitioner timely filed a § 2255 motion. (DE # 48.) In the motion, petitioner asserts two claims: (1) "Counsel was ineffective in failing to give Petitioner proper or adequate advice on entering the plea provision to forfeit her entire personal home," (id. at 4), and (2) "Counsel was ineffective in failing to object to the forfeiture condition without an established nexus and factual basis," (id. at 5). The court ordered the government to file an answer or other response to the motion. (DE # 50.) On 13 October 2015, the government filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 54). After petitioner filed a response to the motion, (DE # 57), the court referred the matter to the magistrate judge, (DE # 62). She held an evidentiary hearing, accepting the testimony of petitioner's trial counsel, Patrick Roberts; petitioner; and Roberts's associate, attorney Benjamin Lankford. The parties filed supplemental briefs, and the magistrate judge heard closing arguments in a subsequent hearing. The magistrate judge

---

[1] On the government's motion, the court entered a final order of forfeiture on 10 March 2015. (DE # 40.) Curiously, even though this proceeding was pending, the government recorded its title to petitioner's former home on 15 November 2015 and transferred title to third parties on 14 July 2016. See Wake County Real Estate Data, 1025 Daybreak Bluff Drive, Cary, Ownership History, http://services.wakegov.com/realestate/Deeds.asp?id=0364059&stype=addr&stnum=1025&stname=Daybreak+Bluff&locidList=&spg=1&cd=01&loc=1025++DAYBREAK+BLUFF+DR&des=LO122+VERZINO+BM2007-02136&pin=0726839387 (last visited Jan. 16, 2017).

concluded that petitioner's plea was not knowingly and voluntarily made, specifically in reference to the forfeiture of her home, and therefore recommends that the judgment of conviction be vacated.

In reviewing the M&R, this court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also R. Gov. 2255 Proceed. 8(b). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The government asserts four objections to the M&R. The court first considers the last objection the government lodges because it purportedly concerns the court's jurisdiction to consider petitioner's claims. Specifically, the government argues that "a petitioner cannot challenge a forfeiture order via § 2255." (Obj., DE # 85, at 10 (citations omitted).) It is true that it appears to be the majority Court of Appeals position that a person in custody cannot use § 2255 to challenge a noncustodial aspect of his or her sentence. See United States v. Fabian, 798 F. Supp. 2d 647, 684 (D. Md. 2011) (collecting cases), appeal dismissed, 461 F. App'x 244 (4th Cir. 2012). However, in this case, petitioner's challenge cannot simply be characterized as one to the forfeiture of her home. As the parties agreed before the magistrate judge, at bottom, petitioner challenges the voluntariness of her plea. (See 3/30/16 Tr., DE # 87, at 8-9; Pet'r's Reply, DE # 86, at 1.) The relief petitioner seeks is the withdrawal of her plea, which necessarily results in the vacation of the custodial aspect of her sentence, (see 3/30/16 Tr., DE # 87, at 4-7), and thus amounts to petitioner claiming the right to be released from unlawful custody. Petitioner's claim is therefore cognizable under § 2255, and this objection will be

3

overruled.

The government further objects to the M&R on the ground that the magistrate judge did not expressly place the burden of proof on petitioner. To obtain relief under § 2255, the petitioner must establish his or her claim by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). The magistrate judge did not expressly set forth this standard in the M&R. Nonetheless, the failure to do so does not change the court's analysis below, and this objection will be overruled.

Before addressing the government's remaining objections, the court examines petitioner's claim and the law pertaining to it. As recognized previously, petitioner claims that her guilty plea was not knowing and voluntary. Specifically, she contends that counsel rendered ineffective assistance regarding forfeiture, making her plea constitutionally invalid. "[A] guilty plea is constitutionally valid if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" United States v. Moussaoui, 591 F.3d 263, 280 (4th Cir. 2010) (citation omitted). As the Fourth Circuit Court of Appeals has recognized,

> Where, as here, a defendant asserts ineffective assistance of counsel as grounds for vacating a guilty plea, our analysis is guided by the two-prong standard articulated by the Supreme Court in [*Hill v. Lockhart*, 474 U.S. 52 (1985)] and its predecessor, *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Pursuant to that analysis, we must first determine whether counsel's performance was so deficient that he or she "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To determine whether such deficiency has occurred, we apply a test of objective reasonableness, asking, in light of "prevailing professional norms," whether counsel was "a reasonably competent attorney" and whether the advice given was "within the range of competence demanded of attorneys in criminal cases." *Id.* at 669 (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)). Second, we must determine "whether counsel's constitutionally ineffective performance affected the outcome of the plea

4

> process." *Hill*, 474 U.S. at 57. To do so, we ask whether it appears by a "reasonable probability" that, but for counsel's errors, the defendant would not have accepted the plea agreement. *See id.*

United States v. Gajendragadkar, No. 97-7267, 1998 WL 352866, at *1 (4th Cir. June 3, 1998) (per curiam) (footnote omitted).

In considering whether a defendant would have rejected the plea agreement and insisted on going to trial, "such an individual 'must convince the court' that such a decision 'would have been rational under the circumstances.' The challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (citations omitted).

The government's remaining two objections are the magistrate judge erred in ultimately concluding that petitioner's guilty plea was not knowing and voluntary and in failing to address whether petitioner suffered prejudice under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Although the magistrate judge did not examine petitioner's claim under Strickland, her conclusion that petitioner's plea was invalid was not erroneous for the reasons discussed below, and the court will overrule the objections.

As the magistrate judge outlined, petitioner has some difficulty communicating in English, as it is not her native language. In his communications with petitioner, trial counsel did not use the assistance of an interpreter. Petitioner does not understand legal terms, and, in particular, she did not understand what forfeiture meant at the time of her plea. While petitioner's trial counsel gave petitioner a copy of the plea agreement and reviewed the agreement with her, he did not do so line-by-line. He did not review with petitioner the

5

forfeiture provision in the plea agreement. Before advising petitioner to accept the plea, trial counsel did not investigate the amount of equity petitioner had in her home and did not investigate whether petitioner might have any defense to forfeiture, such as excessiveness under the Eighth Amendment, in light of the fact the infringing amount was less than $30,000. Counsel considered petitioner's home as a bargaining tool to aid petitioner in avoiding incarceration. Although that might be considered a valid strategy, he never discussed the issue with petitioner. In short, trial counsel gave petitioner no advice about forfeiture in the context of her plea.[2] Under these circumstances, petitioner has shown by a preponderance of the evidence that trial counsel did not act as an objectively reasonable attorney would, and therefore, counsel's performance was constitutionally deficient.

Turning to the issue of whether petitioner suffered any prejudice, the government contends that any misunderstanding petitioner may have had about the forfeiture of her home was corrected by virtue of the plea agreement and plea hearing. It is true that a § 2255 petitioner may not be able to show prejudice if the court corrects counsel's deficient performance at the plea hearing. See United States v. Akinsade, 686 F.3d 248, 253 (4th Cir. 2012) ("A defendant may be unable to show prejudice if at the Rule 11 proceeding the district court provides an admonishment that corrects the misadvice and the defendant expresses that he understands the admonishment." (citations omitted)). Importantly, for a court's admonishment to be curative, it must properly inform the defendant of the particular consequence of pleading guilty which underlies counsel's misadvice or deficient performance. Id. at 254. "[T]he specificity and breadth of the district court's admonishment are important considerations in

---

[2] When petitioner asked trial counsel whether her home might be taken, he informed her that it was a possibility. However, that conversation happened prior to receipt of the plea agreement from the government.

deciding whether the defendant is prejudiced," as is the severity of the consequence at issue.  Id.

At the plea hearing here, an interpreter was provided to assist petitioner.  However, petitioner testified at the evidentiary hearing that "she had trouble understanding what was being said at her Rule 11 hearing . . . because the judge and interpreter were speaking simultaneously." (M&R, DE # 84, at 13 (footnote omitted).)  Upon the court's questioning at the plea hearing, petitioner indicated that she had read the plea agreement before signing it.  She also answered affirmatively when asked whether she felt she understood the terms of the plea agreement.  The court informed petitioner, in relevant part, "You've agreed to assist the United States in the recovery and forfeiture of any illegally obtained assets.  Specifically, you agree to voluntarily forfeit and relinquish the property specified in the indictment."  (6/2/14 Tr., DE # 42, at 17.) The court did not explain to petitioner what this provision meant.  The provision was part of the court's larger summary of the plea agreement's terms, at the conclusion of which petitioner agreed the court had fairly and accurately summarized.  Nowhere in the plea colloquy was specific reference made to the fact petitioner had agreed to forfeit her home.  Given petitioner's difficulties with English, including the issue with simultaneous translation, the lack of reference to the forfeiture of petitioner's home, and the manner in which the court recited the relevant provision of the plea agreement, the colloquy between the court and petitioner did not cure trial counsel's failure to give petitioner advice about forfeiture in regards to her guilty plea.

Finally, the government argues that given the "substantial" evidence against petitioner, it would not have been rational to reject the plea agreement.  (Obj., DE # 85, at 10.)  The court disagrees.  While the evidence to secure a conviction against petitioner for trafficking in counterfeit goods may have been strong, (see PSR, DE # 25, at 3-4), there is no indication that

7

the infringing amount was significantly higher than the parties agreed in the plea agreement or that petitioner could not mount a challenge to the forfeiture of her home. As such, petitioner might reasonably have proceeded to trial given that she had no criminal record and significant equity in her home,[3] in hopes of avoiding incarceration and forfeiture of her home as part of her sentence. Petitioner has satisfied by a preponderance of the evidence that trial counsel's deficient performance prejudiced her.

Because trial counsel's constitutionally ineffective assistance rendered petitioner's plea invalid, the court OVERRULES the government's objections to the M&R and adopts the M&R as its own. For the reasons stated in the M&R and in this order above, the government's motion to dismiss is DENIED. Petitioner's conviction and sentence are VACATED.

This 26 January 2017.

                                          W. Earl Britt
                                          Senior U.S. District Judge

---

[3] Petitioner purchased the home in 2010 for $325,000, and the tax value of the home in 2016 was $376,074. (M&R, DE # 84, at 7.) According to petitioner's testimony at the evidentiary hearing, she borrowed $90,000 from family members to purchase the home. (3/10/16 Tr., DE # 77, at 47.) It appears from the Presentence Report that around the time of sentencing in 2014, the balance petitioner owed to family members was $68,000 and that petitioner owed $66,000 on a mortgage. (DE # 25, at 8.)